# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL THOMAS PAUL,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-23-CA-0646-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Michael Thomas Paul's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 8), and Petitioner's Reply (ECF No. 10) thereto.  Petitioner challenges the constitutionality of his 2020 plea of guilty to impersonating a public servant and his subsequent placement on deferred community supervision.  In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I.  Procedural History

In June 2020, Petitioner pled guilty in Guadalupe County, Texas, to one count of impersonating a public servant.  (ECF No. 9-2 at 71-74).  Pursuant to the plea bargain agreement, Petitioner acknowledged the range of punishment he was facing, judicially confessed to

committing the offense, and waived his right to trial in exchange for the State's recommendation that Petitioner be placed on community supervision. *Id*. The trial court accepted the terms of plea bargain agreement, deferred an adjudication of guilt and placed Petitioner on community supervision for a period of four years. *State v. Paul*, No. 19-1544-CR-A (25th Dist. Ct., Guadalupe Cnty., Tex. June 16, 2020); (ECF No. 9-2 at 85-90). Because Petitioner waived his right to appeal as part of the plea bargain agreement, he did not directly appeal his guilty plea and placement on community supervision. *Id*. at 73, 84.

Petitioner remained on community supervision until the State filed a motion to revoke due to Petitioner's failure to comply with several conditions of his community supervision. (ECF No. 9-28 at 90-91). Petitioner pled true to the alleged violations, and on February 24, 2022, the trial court found Petitioner guilty of the underlying offense, revoked his community supervision, and sentenced him to two years of imprisonment. *State v. Paul*, No. 19-1544-CR-A (25th Dist. Ct., Guadalupe Cnty., Tex. Feb. 24, 2022); (ECF No. 9-28 at 108-18). Again, Petitioner waived his right to appeal this determination. *Id*. at 109.

Instead, Petitioner has challenged his original guilty plea and placement on community supervision by filing three different state habeas corpus applications. Petitioner first filed an application pursuant to Tex. Code. Crim. Proc. Art. 11.072 on March 1, 2021, but the trial court rejected the allegations as frivolous in an order dated April 7, 2021. (ECF Nos. 9-8 at 7-25; 9-11 at 6). The Texas Fourth Court of Appeals dismissed Petitioner's appeal of this decision on November 10, 2021, after Petitioner filed a motion to withdraw his appeal. *Paul v. State*, No. 04-21-00236-CR (Tex. App.—San Antonio, Nov. 10, 2021, no pet.); (ECF Nos. 9-13; 9-18). Petitioner's second and third state habeas applications were filed pursuant to Tex. Code. Crim. Proc. Art. 11.07. *Ex parte Paul*, Nos. 94,061-01, -02 (Tex. Crim. App.). The second

2

application, filed July 7, 2022, was later dismissed on August 31, 2022, by the Texas Court of Criminal Appeals as noncompliant with Tex. R. App. P. 73.1, which requires the use of a specific form application.  (ECF Nos. 9-19 at 8-28; 9-24).  Petitioner's third application, filed September 7, 2022, was denied without written order by the Texas Court of Criminal Appeals on November 9, 2022.  (ECF Nos. 9-25 at 12-28, 41-58; 9-29).

Thereafter, Petitioner placed the instant federal habeas corpus petition in the prison mail system on May 19, 2023.  (ECF No. 1 at 16).  In the § 2254 petition, Petitioner raises several allegations challenging his 2020 guilty plea and subsequent placement on deferred community supervision by the Guadalupe County trial court.[1]  Specifically, Petitioner argues that: (1) the guilty plea was obtained in violation of his due process rights because evidence of his innocence was withheld by the prosecution, (2) his trial counsel rendered ineffective assistance by withholding evidence of his innocence, (3) his arrest violated the Fourth Amendment's protections against illegal searches and seizures, (4) the State's only witness provided false information, and (5) his arrest and prosecution by the State was malicious and in retribution for ongoing civil litigation.

## II. Timeliness Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

---

[1]      Notably, the § 2254 petition does not challenge the trial court's subsequent revocation of his community supervision and adjudication of guilt in February 2022.

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's judgment became final July 16, 2020, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence); *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005) (finding an order of deferred adjudication to be a judgment for § 2244 purposes).

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his guilty plea and community supervision expired a year later on July 16, 2021. Because Petitioner did not file his § 2254 petition until May 19, 2023—almost two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## A.      Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner first challenged the instant conviction by filing a state habeas application

on March 1, 2021.  The trial court denied the application on April 7, 2021, and the court of appeals eventually dismissed Petitioner's appeal on November 10, 2021.  Accordingly, by the most generous reading of § 2244(d)(2), Petitioner's first state habeas application tolled the limitations period for a total of 255 days, making his federal petition due March 18, 2022.

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for the first state habeas application he filed, the second and third applications do not afford him the same courtesy.  Petitioner did not execute his second state habeas application until July 2022, and the third application was executed in September 2022, both well after the time for filing a federal petition under § 2244(d)(1) had lapsed.  As a result, the second and third applications do not toll the one-year limitations period.[2]  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, Petitioner's limitations period for filing a federal petition still expired March 18, 2022.  Again, he did not file the instant § 2254 petition until May 2023—well over a year too late.

**B.**     **Equitable Tolling**

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is

---

[2]     Even if filed earlier, Petitioner's second state application would not operate to toll the limitations period because it was not properly filed.  (ECF No. 9-24).  An improperly filed state habeas petition has no effect on the one-year time-bar.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

"not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Although each of the allegations in Petitioner's federal petition that are currently before this Court concern the constitutionality of his June 2020 guilty plea and placement on community supervision, Petitioner did not submit a state habeas corpus application challenging these proceedings until March 2021, almost eight months after his conviction had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited eight months to file his second state habeas application after withdrawing his appeal of the first application in November 2021, or why it took him another six months to file the instant federal petition once the Texas Court of Criminal Appeals denied his final state habeas application in November 2022.

Consequently, even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated that he has been pursuing his rights diligently, much less that "extraordinary circumstances" prevented his timely filing. Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

**C.**   **Actual Innocence**

Finally, Petitioner argues in his Reply that his untimeliness should be excused because of the actual-innocence exception.  In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995).  But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316).  In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard.  Petitioner's argument relies almost exclusively on police records that he believes demonstrate that he was registered with the State as a "Public Safety Personnel" and thus could not have been impersonating a public servant.

(ECF No. 10 at 4).  However, Petitioner fails to show that these records were unavailable at the time of his guilty plea or constitute "*new* reliable evidence" establishing his innocence.  Indeed, both the trial court and the Texas Court of Criminal Appeals found this argument unpersuasive during Petitioner's state habeas proceedings.  (ECF Nos. 9-11 at 6; 9-29).  Consequently, Petitioner's allegation does not undermine confidence in the outcome of his trial and will not excuse the untimeliness of his federal habeas petition under the actual-innocence exception established in *McQuiggin*.[3]

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

---

[3]      To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief.  *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400).  The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review.  *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by over a year and provided no justification for the application of tolling.  For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

## IV.  <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Michael Thomas Paul's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 21st day of November, 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**